FILED

2021 Jul-22  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **Trina Satterfield** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 4:21-cv-806-CLM** |
| | ) | |
| **Medicredit, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INITIAL ORDER
### GOVERNING ALL FURTHER PROCEEDINGS

This order governs all proceedings in this action, unless modified for good cause shown. All parties should review it thoroughly. By appearing in this case, each attorney or *pro se* party certifies to this court that he or she has read this order; has read this court's local rules; and is prepared to fully comply with each. *See* www.alnd.uscourts.gov, Local Rules and Orders.

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A. The Planning Conference

Rule 26(f) requires the parties to confer "as soon as practicable," which in this action, is no later than 30 days from the first appearance of a defendant. At this planning conference, the parties must, at a minimum:

- Consider the nature and basis of their claims and defenses;

- Discuss the possibility of a prompt settlement or resolution of the case;

- Make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1);

- Develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in Rule 26(f), subparagraphs (1) through (4); and, in appropriate cases,

- Consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for this conference, the parties are hereby ORDERED to meet at 10:00 a.m. in the chambers of the undersigned judge on the last Friday falling within the 30-day period starting from the first appearance of a defendant. If use of the court's chambers is required, counsel should telephone chambers at least seven (7) days prior to the required meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

**B.     Report from the Planning Conference**

Within 14 days after the planning conference, the parties shall jointly file a report with the Clerk of Court that follows the general format of **Appendix III** to this order. The report should begin with a brief synopsis of the case that advises the court of the general claims and defenses of the parties. The report should include precise dates for all deadlines. And the last page of the report should include the chart on the last page of **Appendix III** with the left column filled out. Should the

parties disagree about an item in the report, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

When preparing the report, be aware that the case should be ready for trial within 12 months from the date of service of the complaint, unless extraordinary circumstances exist.  Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

The report must include a discovery plan stating the parties' views and proposals on:

- any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; and,

- any issues about claims of privilege or of protection as trial-preparation materials.  If the parties agree on a procedure to assert these claims after production (*i.e.*, a "Clawback" Agreement), the report should include a statement whether they want the court's scheduling order to adopt their agreement under Federal Rule of Evidence 502.

Upon receipt of the report, the court will set a Rule 16(b) scheduling conference if requested by the parties and may set a conference without the parties' request.

## C.     Compliance with HIPAA

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26

planning meeting to be executed by the party from whom such "protected health information" is sought.  The parties shall include in their report a deadline (specific date) by which the authorization will be executed.  The parties may file with the court a motion for a "qualified protective order," to which all parties stipulate, and, contemporaneously with that filing, e-mail to maze_chambers@alnd.uscourts.gov, a proposed "qualified protective order," in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties. The parties shall not request a "qualified protective order" in their Rule 26(f) report.  And the court will only enter a "qualified protective order" if the parties have filed a motion for "qualified protective order."

### D.      Suitability of Action for Alternative Dispute Resolution

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees.  The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date.  The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise. In the absence of an objection by any of the parties, the court will order this case to mediation before the submission of dispositive motions.

Each attorney is directed to immediately forward a copy of the initial order to his or her client.  Plaintiff(s)' attorneys are ordered to immediately discuss the feasibility of settlement with the Defendant(s)' attorneys.

### E.    Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Rule 26 immediately after the required report has been filed.  In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be deemed to have been filed on the date the parties file the report required by Rule 26(f) and described above.

The court instructs the parties to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

### F.    Dismissal of Non-Served Defendants

Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) *may be dismissed without further order of the court* unless the party required to serve shows good cause why service has not been perfected.

### G.    Courtesy Copies

For all submissions exceeding 30 pages (including exhibits), the filing party must submit, within three (3) business days of filing, an exact courtesy copy of the

submission, reflecting the CM/ECF case number, document number, page numbers and filing date, to the court's chambers at United States District Court, Anniston Federal Courthouse, 1129 Noble Street, Anniston, Alabama 36201.[1]  Copies may be hand delivered <u>or</u> mailed to the courthouse.  The parties must also email a copy of any filed brief to maze_chambers@alnd.uscourts.gov, with opposing counsel copied on the email.  All digital copies should be sent in Microsoft Word format.  All hard copies should be double-sided and securely bound in a three-ring binder or by a large clip.

### H.    Electronic Submissions

### 1.    CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF.  Documents must be filed through CM/ECF in PDF (Portable Document Format), unless submitted by a party appearing *pro se*, in which case documents should be filed with the Clerk of Court.  Except in extraordinary circumstances, all filings shall be consistent with the Court's Civil Administrative Procedures Manual.[2]

### 2.    Protected Information

---

[1] The rules for submitting a courtesy copy of materials related to motions for summary judgment are governed by Appendix II.

[2] The Administrative Procedures Manual is available on the court's website: http://www.alnd. uscourts.gov/forms/civil-administrative-procedures-manual-cmecf-1-2017.

Counsel are reminded to comply with the court's Administrative Procedures Manual for electronic filing with respect to redacting personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

When filing material under seal, parties must comply with the Administrative Procedures Manual.

### 3.  Required Electronic Submissions to Chambers

The address for the judge's chambers is maze_chambers@alnd.uscourts.gov. Counsel must e-mail copies of all proposed orders in Microsoft Word Format.

Ex parte communications with the judge or chambers are not allowed.  In cases featuring opposing counsel, all communications to the chambers' e-mail address must copy all opposing counsel.  This copy must be visible to the court; that is, do not "blind copy" opposing counsel. In cases featuring *pro se* parties, communications may be made via the chambers' e-mail address if the *pro se* party has provided an email address that can be copied on the email.  If the *pro se* party has not provided an email address, then parties seek to communicate with the court shall file a motion seeking a telephone conference.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, for any reason other than as a sanction under the Federal Rules of Civil Procedure, the party seeking fees must comply with the following requirements as a precondition to any such award:

(a)     Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action.  For example, do not simply list "research," list the specific matter being researched.  Do not simply list "conference," identify the persons conferring and the general subject matter of the conference.

(b)     If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c)     Counsel is directed to review and verify all attorney and non-attorney time records no less than once per month.

(d)     Although the court does not require counsel to file a copy of the time records before a request for a fee, counsel may file with the Clerk of Court either a copy of the time record referred to in (a) above, or a separately

prepared document setting forth the information described in (a) above.  If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case.  If counsel elects to file time reports, the material filed  may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.  However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal.  Upon the conclusion of this case, without further order, the seal will be lifted as to all attorney fee materials filed under seal.

(e)     A Petition for Attorney Fees shall be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

## III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or similar agency is required as a prerequisite to suit, then the plaintiff(s) must file the following with the Clerk of Court at the time of filing the disclosures required by Rule 26(a)(1): (a) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (b) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

## IV. MOTION PRACTICE

### A.    Dispositive Motions

Any motion(s) for summary judgment filed in this action must comply with all requirements of **Appendix II** to this order.

### B.    Other Motions

All other motions shall be electronically filed via CM/ECF and shall not exceed 15 pages, double spaced.

Before filing a motion (other than a motion to remand or motion for summary judgment), moving counsel shall contact the opposing counsel and determine if counsel opposes the motion. All motions shall include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." The first

paragraph shall briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply.

## C.    Discovery Disputes

Parties must seek leave of the court before filing a motion about a discovery dispute.  If the motion for leave is opposed, opposing counsel may file a response within three (3) days.  The motion for leave of the court must specify the nature of the discovery dispute and the steps the parties have taken to resolve that dispute. The motion need only include the facts relevant to the dispute.  Legal argument and/or legal citations are not necessary. Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply.

## D.    Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, he or she ***may not withdraw*** from the action merely by filing a "notice of withdrawal."  Instead, the attorney must file a motion stating the specific grounds for withdrawal and seeking permission of the court to do so.  Any motion to withdraw which, if granted, would leave a party unrepresented by counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court.  The motion must also

include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

**E.      Type Size and Font**

The court requires that all documents submitted to the court by counsel be in Times New Roman, 14-point type, except that footnotes may be in Times New Roman, 12-point type.

**DONE** and **ORDERED** this July 22, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE
**APPENDIX I**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
_____ DIVISION

| | | |
|---|---|---|
| AAA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Civil Action No. ___ |
| | ) | |
| BBB, | ) | |
| | ) | |
| Defendant(s). | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The court GRANTS the parties the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or

subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The court expressly prohibits the parties from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the court orders the parties either to return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, _____.


_____
Corey L. Maze
United States District Judge

# APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

---

### NOTICE

This appendix contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions.   These instructions must be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken.

---

## INTRODUCTION

This appendix sets forth the Court's instructions for submitting and responding to motions for summary judgment.   For the ease of the Parties, the Court summarizes its instructions in the chart on the following page.

As you will see, the court staggers the deadlines for filing motions, supporting briefs, evidentiary materials, and courtesy copies to the court. The point of staggering the deadlines in this manner is to allow the parties sufficient time to cite CM/ECF document and page numbers in the briefs—particularly citations to evidentiary materials.   Proper, uniform citation to the CM/ECF record assists both the court and the parties and is thus expected in all briefing.

## SUMMARY CHART

Unless otherwise ordered by the Court, the following chart summarizes the parties' filing responsibilities.  "Day 0" is the day the dispositive motion is filed.

| PARTY | WHEN | MATERIALS DUE | WHERE FILED AND/OR DELIVERED |
|---|---|---|---|
| Movant | Day 0 | Motion for Summary Judgment, Evidentiary Materials | CM/ECF (electronic filing) |
| | Day 1 | Brief in Support | CM/ECF (electronic filing) Chambers (email Word document) |
| | Day 3 (*noon*) | 3-ring Binder containing<br>a) Motion<br>b) Brief in Support<br>c) Evidentiary Materials | Chambers (Anniston Federal Courthouse) |
| Respondent | Day 21 | Evidentiary Materials (if any) | CM/ECF (electronic filing) |
| | Day 22 | Response in Opposition | CM/ECF (electronic filing) Chambers (email Word document) |
| | Day 24 (*noon*) | 3-ring binder containing<br>a) Response in Opposition<br>b) Evidentiary Materials (if any) | Chambers (Anniston Federal Courthouse) |
| Movant | Day 35 | Evidentiary Materials (if any) | CM/ECF (electronic filing) |
| | Day 36 | Reply Brief | CM/ECF (electronic filing) Chambers (email Word document) |
| | Day 38 (*noon*) | 3-ring binder containing<br>a) Reply Brief<br>b) Evidentiary Materials (if any) | Chambers (Anniston Federal Courthouse) |
| *Page Limits*:  Brief in Support of Motion (35), Brief in Opposition (35), Reply Brief (15)<br>*Font/Spacing*: Double Spaced, Times New Roman, 14-point type in body, 12-point footnotes<br>**Motions to alter these rules must be filed at least 48 hours before the deadline** | | | |

## A. REQUIREMENTS FOR MOTIONS AND BRIEFS

All motions and briefs shall use 14-point, Times New Roman font in the body and 12-point, Times New Roman font in footnotes.  The text of briefs must be double-spaced, except for quotations exceeding 50 words, which may be block indented from the left and right margins and single spaced.

The brief supporting a motion for summary judgment cannot exceed 35 pages. The brief in opposition to a motion for summary judgment cannot exceed 35 pages. Reply briefs cannot exceed 15 pages.

All briefs must include a table of contents that accurately reflects the organization of the document.  The table of contents is not included in the page limit.

The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments made in footnotes.  The court may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes.

## B. CALCULATING SUBMISSION DATES

The day that the motion(s) for summary judgment are filed is considered "Day 0," and all deadlines that follow flow from that day.  The Court will provide the parties with the deadline to file dispositive motions.  That date will not be extended absent good cause.  If the moving party wishes to file its motion before that date, it must file the motion on either a **Monday** or **Tuesday** to avoid weekend deadlines.

## C. SUBMISSIONS

### 1. Motion for Summary Judgment

The party filing a dispositive motion has four responsibilities that begin on the filing deadline for dispositive motions—*i.e.* "Day 0:"

- Day 0:  File the Motion for Summary Judgment via CM/ECF;

- Day 0:  File evidentiary materials via CM/ECF;

- Day 1:  File a brief in support of summary judgment via CM/ECF and email a copy to the court's chambers; and,

- Day 3 (by noon):  Submit a binder containing the Motion for Summary Judgment, brief in support, and evidentiary materials to the Clerk of Court.

The Court provides additional details on these submissions below.

### a) *Motion for Summary Judgment*

The Court expects the dispositive motion to be ***concise***, to clearly state which claims are due to be summarily dismissed, and to clearly state the relief sought. Argument shall be reserved for the subsequent brief in support.

The motion shall be electronically filed via CM/ECF on the previously ordered deadline for dispositive motions.

### b) *Evidentiary Materials*

On the same day that it files the motion for summary judgment, the moving party shall also electronically file via CM/ECF one set of all evidentiary materials

(*e.g.*, affidavits, exhibits, depositions, or other products of discovery) that the party relies upon to support the motion.

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included; for example, "Plaintiff's Exhibit 1, the Deposition of John Jones."  For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered. Counsel are directed to submit entire depositions, even if relying only on excerpts, including all exhibits to the depositions.  Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8.5" by 11" page.

### c) *Brief in Support*

The moving party shall electronically file via CM/ECF a brief supporting its Motion for Summary Judgment the day after filing the motion.  On the same day, the moving party shall also email a copy of the brief, in Microsoft Word format, to the court at maze_chambers@alnd.uscourts.gov.  The moving party shall copy opposing counsel on this email.

The brief in support shall contain, in this order, a table of contents, a statement of undisputed facts, and arguments supporting the motion, including citations to relevant legal authorities.

The moving party's statement of facts shall list in separately numbered paragraphs each material fact the moving party contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment.  Counsel must state these facts in clear, unambiguous, simple, declarative sentences.

Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.  <u>All citations to the evidentiary record, in all sections of the brief, shall include the CM/ECF document number, page number, and line number (if any)</u>.  While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials.

### d)  *Binder of Materials (i.e. courtesy copy to the court)*

By noon on the third day after filing its Motion for Summary Judgment, the moving party shall deliver to the court's chambers a 3-ring binder(s) that contains the following, in this order: (a) motion for summary judgment, (b) brief in support, and (c) evidentiary materials. The binder(s) may be mailed or hand delivered to the court's chambers at the United States District Court, Anniston Federal Courthouse,

1129 Noble Street, Anniston, Alabama 36201.  Each document shall contain the CM/ECF stamp reflecting the document number, page number, and filing date of that document.

The moving party shall include a tab that identifies each of these documents. Additionally, the evidentiary material should include a tab corresponding to each document, with the specific identifier for that tab.

Regarding the hard copies of depositions, parties shall include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page, as well as all exhibits to the depositions with sub-tabs, clearly labeled.

## 2. Response in Opposition

A party opposing the motion for summary judgment has three responsibilities that begin 21 days after the filing of the motion:

- Day 21:  File Evidentiary Materials via CM/ECF;

- Day 22:  File a brief in opposition to the motion via CM/ECF and email a copy to the court's chambers; and,

- Day 24 (by noon):  Submit a binder containing the brief in opposition and evidentiary materials to this court's chambers at the Anniston Federal Courthouse.

The Court provides additional details on these submissions below.

### a) Evidentiary Materials

Parties should refrain from re-submitting additional copies of previously-submitted materials.   Instead, the party opposing the motion should reference materials included in the moving party's initial evidentiary submission without resubmitting those materials.

If the opposing party must reference evidentiary materials that were not submitted by the moving party, the opposing party shall electronically file via CM/ECF one set of such evidentiary materials (*e.g*., affidavits, exhibits, depositions, or other products of discovery) 21 days after the moving party files its motion for summary judgment and evidentiary materials.

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included; for example, "Defendant's Exhibit 1, the Deposition of Jane Jones."   For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e*., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered. Counsel are directed to submit entire depositions, even if relying only on excerpts, including all exhibits to the depositions. Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8.5" by 11" page.

**b)** *Brief in Opposition*

The opposing party shall electronically file via CM/ECF its brief opposing the Motion for Summary Judgment 21 days after the moving party files its brief in support of the motion (*i.e.* "Day 22").  On the same day, the opposing party shall also email a copy of the brief, in Microsoft Word format, to the court at maze_chambers@alnd.uscourts.gov.   The opposing party shall copy opposing counsel on this email.

The brief in support shall contain, in this order, a table of Contents, a statement of facts, and arguments opposing the motion, including citations to relevant legal authorities.  The statement of facts may include up to three sections, in the following order:

- Response to Moving Party's Statement of Facts (if any)

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts.  The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.  All material facts set forth in the statement required of the moving

party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

- Additional Undisputed Facts (if any)

The second section may contain additional, allegedly undisputed facts set out in separately numbered paragraphs that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of fact in this section shall be supported by its own evidentiary citation. The opposing party should include only facts that the opposing party contends are true and not in genuine dispute.

- Additional Disputed Facts (if any)

The third section may contain additional, allegedly disputed facts set out in separately numbered paragraphs that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.

Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the opposing party claims supports it. All

citations to the evidentiary record, in all sections of the party's brief, shall include the CM/ECF document number, page number, and line number (if any).

c) *Binder of Materials (i.e. courtesy copy to the court)*

By noon on the third day after filing its evidentiary materials (*i.e.* "Day 24"), the opposing party shall deliver to the a 3-ring binder(s) that contains the following, in this order: (a) brief in opposition and (b) evidentiary materials. The binder(s) may be mailed or hand delivered to the court's chambers at the United States District Court, Anniston Federal Courthouse, 1129 Noble Street, Anniston, Alabama 36201. Each document shall contain the CM/ECF stamp reflecting the document number, page number, and filing date of that document.

The opposing party shall include a tab that identifies each of these documents. Additionally, the evidentiary material should include a tab corresponding to each document, with the specific identifier for that tab.

Regarding the hard copies of depositions, parties shall include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page, as well as all exhibits to the depositions with sub-tabs, clearly labeled.

**3. Reply Brief**

The moving party may (but is not required to) file a reply brief and additional evidentiary materials.  If it does, it must also submit a binder containing these items.

a) *Additional Evidentiary Materials*

Additional evidentiary materials may be electronically filed via CM/ECF 14 days after the opposing party files its evidentiary materials (*i.e.* "Day 35").  Only those *previously-unfiled* evidentiary materials necessary to rebut factual statements made by the opposing party should be filed—*i.e.* no evidence should be filed twice.

b) *Reply brief*

The moving party may file a reply brief 14 days after the opposing party files its brief in opposition (*i.e.* "Day 36").  The reply brief must include the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts.  The moving party's response to the non-moving party's additional claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the non-moving party's additional claimed undisputed facts.  Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based.  All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.

c) *Binder of Materials (i.e. courtesy copy to the court)*

By noon on the third day after filing its additional evidentiary materials (*i.e.* "Day 38"), the moving party shall deliver a 3-ring binder(s) that contains the

following, in this order: (a) reply brief and (b) evidentiary materials.  The same rules that governed the party's binder containing the motion for summary judgment and supporting materials govern this binder of reply materials.

<p style="text-align:center">* * *</p>

These rules and deadlines are designed to assist the parties and the court, and thus the Court is disinclined to deviate from them.  If a party believes it is unable to meet a deadline, that party shall file a motion for extension ***at least 48 hours*** before the deadline that shows good cause why the court should adjust the schedule.

# APPENDIX III

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## _____ DIVISION

| | | |
|---|---|---|
| [Name(s) of plaintiff(s)] | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Civil Action No.___ |
| | ) | |
| [Name(s) of defendant(s)] | ) | |
| | ) | |
| Defendant(s). | ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1.    Synopsis of the Case: <Provide a brief synopsis of the case that advises the court of the general claims and defenses of the parties>

2.    The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on <Date> by <State the  method of conferring>:

 <Name>, representing the <plaintiff(s)>
 <Name>, representing the <defendant(s)>

3.    Initial Disclosures.   The parties [have completed] [will complete by <Date>] the initial  disclosures required by Rule 26(a)(1).

4.    Discovery Plan. The parties propose this discovery plan:

 <Use separate paragraphs or subparagraphs if the parties disagree.>

   (a)    Discovery will be needed on these subjects: <Describe>.
   (b)    <Dates for commencing and completing discovery, including discovery to be  commenced or completed before other discovery.>
   (c)    <Dates for supplementation under Rule 26(e).>
   (d)    <Dates for exchanging reports of expert witnesses.>

(e)  &lt;Maximum number of interrogatories by each party to another party, along with  the dates the answers are due.&gt;

(f)  &lt;Maximum number of requests for admission, along with the dates responses are  due.&gt;

(g)  &lt;Maximum number of requests for production, along with the dates responses are due.&gt;

(h)  Maximum number of depositions by each party.&gt;

(i)  &lt;Limits on the length of depositions, in hours.&gt;

5.  Other Items:

(a)  &lt;A date if the parties ask to meet with the court before a scheduling order.&gt;

(b)  &lt;Final dates for the plaintiff to amend pleadings or to join parties.&gt;

(c)  &lt;Final dates for the defendant to amend pleadings or to join parties.&gt;

(d)  &lt;Final dates to file dispositive motions.&gt;

(e)  &lt;State the prospects for settlement.&gt;

(f)  &lt;Identify any alternative dispute resolution procedure that may enhance settlement  prospects.&gt;

(g)  &lt;Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses  whose testimony will be presented by deposition, and exhibit lists.&gt;

(h)  &lt;Final dates to file objections under Rule 26(a)(3).&gt;

(i)  &lt;Requested dates for pretrial conferences.&gt;

(j)  &lt;Suggested trial date and estimate of trial length.&gt;

(k)  &lt;Other matters.&gt;

Date:  &lt;Date&gt;                    &lt;Signature of the attorney or unrepresented party&gt;

_____

&lt;Printed name&gt;
&lt;Address&gt;
&lt;E-mail address&gt;
&lt;Telephone number&gt;

Date:  &lt;Date&gt;                    &lt;Signature of the attorney or unrepresented party&gt;

_____

\<Printed name\>
\<Address\>
\<E-mail address\>
\<Telephone number\>

*Plaintiff v. Defendant*
**Case No. x:xx-cv-xxxxx-CLM**

A.  Deadlines

| Parties' Report | | Court's Suggestion |
|---|---|---|
|  | Initial Disclosures |  |
| P:<br>D: | Deadline to Join Parties or Amend Pleadings | P:<br>D: |
|  | Rule 26(e) Supplementations |  |
| P:<br>D: | Expert Reports | P:<br>D: |
|  | Fact & Expert Discovery Complete |  |
| n/a | Status Conference (telephone) |  |
|  | Dispositive motions | *Follow Appx II* |
|  | Witness and Exhibit Lists |  |
|  | Motions in Limine | *Follow Appx IV* |
|  | Pretrial Conference |  |
| (x-x days) | Trial Date (Jury) | (x-x days) |

B.  Discovery Limits

| Parties' Suggestion | | Court's Suggestion |
|---|---|---|
| each, due within 30 days of service | Interrogatories | each, due within 30 days of service |
| each, due within 30 days of service | Requests for Admissions | each, due within 30 days of service |
| each, due within 30 days of service | Requests for Production | each, due within 30 days of service |
| each, 7 hours each | Depositions | each, 7 hours each |

## APPENDIX IV

## MOTION IN LIMINE REQUIREMENTS

The court will provide the parties with a deadline to file their witness and exhibit lists and motions in limine. All motions in limine must be consolidated in **a single motion**. The court will strike motions in limine that are not consolidated in a single motion.

The opposing party shall file its brief opposing the motion in limine 7 days after the moving party files its motion in limine. The moving party may (but is not required to) file a reply brief in support of its motion in limine. The deadline to file a reply brief shall be 2 business days after the opposing party files its response brief.

All motions and briefs shall use 14-point, Times New Roman font in the body and 12-point Times New Roman font in footnotes. The text of briefs must be double-spaced, except for quotations exceeding 50 words, which may be block indented from the left and right margins and single spaced.

Motions in limine cannot exceed 20 pages. The brief in opposition to a motion in limine cannot exceed 20 pages. Reply briefs cannot exceed 10 pages.